# RESPONSE EXHIBIT G

Page 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:
BARBARA ANN MILLER,

    Debtor.Case No. 04-3365

                         (Chapter 7)

ROBERT W. TRUMBLE, Trustee of the
Bankruptcy Estate of Barbara Ann Miller,

    Plaintiff,

v.                        AP NO. 10-136

D. MICHAEL BURKE, BARRY J. NACE,
BURKE, SCHULTZ, HARMAN and JENKINSON and
PAULSON & NACE,

    Defendants.

                                           MARTINSBURG, WEST VIRGINIA
                                           MONDAY, MARCH 21, 2011

DEPOSITION OF:

                     ROBERT W. TRUMBLE, ESQUIRE

a witness called for examination by counsel for the Defendants in the law offices of Burke, Schultz, Harman & Jenkinson, located at 85 Aikens Center, Martinsburg, West Virginia, pursuant to a Notice of Deposition when were present on behalf of the parties:

Page 2

```
 1   APPEARANCES:
 2   Michael D. Crim, Esquire
     400 W. Main Street, Fl 4
 3   Clarksburg, WV   26301
     304.626.1100
 4   Counsel for Plaintiff
 5   Christopher T. Nace, Esquire
     1615 New Hampshire Ave., NW
 6   Washington, DC   20009
     202.463.1999
 7   Counsel for Defendants
 8   Lawrence M. Schultz, Esquire
     Burke, Schultz, Harman & Jenkinson
 9   85 Aikens Center
     Martinsburg, WV   25404
10   304.263.0900
     Counsel for Defendants
11
12   ALSO PRESENT:
13   D. Michael Burke, Esquire
14
     EXAMINATION BY:      DIRECT     CROSS     REDIRECT     RECROSS
15
     Mr. Nace              3
16   Mr. Schultz                      69
     Mr. Crim
17
18   EXHIBITS   DESCRIPTION
19   No. 1      Affidavit of Barry J. Nace, Esquire
     No. 2      Affidavit of D. Michael Burke, Esquire
20   No. 3      Trustees Application to Employ Special Counsel
     No. 4      US Bankruptcy Court Notice of Electronic Filing
21   No. 5      Ltr to Mr. Burke/Nace from Mr. Trumble, 10/10/08
     No. 6      Ltr to Mr. Burke/Nace from Mr. Trumble, 11/14/08
22   No. 7      Ltr to Mr. Nace from Mr. Trumble, 01/05/09
     No. 8      Order Authorizing Trustee/Employ Special Counsel
23   No. 9      Contract of Employment/Authority to Represent
24   No. 10     US Bankruptcy Court Petition 3:04-bk-03365
25   No. 11     Ltr to Mr. Burke from Mr. Trumble, 07/27/07
26   No. 12     Copies of envelopes to Mr. Nace/Return to Sender
```

Page 3

1         P - R - O - C - E - E - D - I - N - G - S

2                                                                 9:16

3    A.M.

4             WHEREUPON,

5                  ROBERT W. TRUMBLE, ESQUIRE

6    a witness called for examination by counsel for the Defendants,

7    was duly sworn under oath and testified as follows:

8                       DIRECT EXAMINATION:

9             BY MR. NACE:

10        Q.   Good morning, sir, could you please state your name

11   for the record?

12        A.   Robert Trumble.

13        Q.   Mr. Trumble, my name's Christopher Nace.  Let me ask

14   you, could you please give your business address?

15        A.   275 Aikens Center, Martinsburg, West Virginia.

16        Q.   And your home address, please?

17        A.   598 Shireoaks Drive, Martinsburg, West Virginia.

18        Q.   Sir, where did you go to undergraduate school?

19        A.   West Virginia University.

20        Q.   Are you from West Virginia originally?

21        A.   I am.

22        Q.   And have you lived in the Martinsburg area your

23   whole life?

24        A.   No, sir.

Page 39

1  Q. All right. Now you would agree that as of February
2  1st, 2005, Mr. Burke had not been employed as special counsel,
3  correct?
4  A. No, there hadn't been an order entered upon the
5  execution of these Affidavits.
6  Q. Okay. And so, that's the same as far as as of
7  February 24th, 2005, Mr. Nace had not been employed as special
8  counsel, correct?
9  A. There has not been an ordered entered approving the
10 employment, that's correct.
11 Q. Okay.
12     MR. NACE: Let me go ahead and have this marked as
13 Exhibit 3. This is a two-page document bearing 1008 and 1009.
14         (Whereupon, Exhibit No. 3 was
15         marked for identification.)
16 Q. That is the application to employ special counsel,
17 correct?
18 A. That's correct.
19 Q. And it's executed by you, correct?
20 A. That's correct.
21 Q. And it indicates that it was filed on March 2nd,
22 2005, correct?
23 A. Yes, sir.
24 Q. All right. And I'm not going to --

Page 40

1     MR. NACE: Let me go ahead and mark this one, too.
2 I'm just working backwards from the numbers, but this is 1007,
3 it's going to be Exhibit 4.
4            (Whereupon, Exhibit No. 4 was
5            marked for identification.)
6     Q.    That's the PACER filing sheet for that application,
7 correct?
8     A.    That's correct.
9     Q.    So it's signed by you on March 2nd, in fact it was
10 filed on March 3rd, correct?
11    A.    That's correct.
12    Q.    On March 3rd of 2005, Mr. Burke had not been
13 employed as special counsel, is that correct?
14    A.    There had not been an order approving the employment
15 of Mr. Burke as special counsel, that's correct.
16    Q.    And on March 3rd, 2005, Mr. Nace had not been
17 employed as special counsel?
18    A.    There had not been an order approving the employment
19 of Mr. Nace as special counsel.
20    Q.    Well, you can't -- you can't employ them until
21 you're permitted to, correct?
22    A.    I don't have the authority to have them compensated,
23 that's correct. In other words, they would not be eligible to
24 be compensated unless they had an order approving their

Page 41

1  employment.  That doesn't suggest that we didn't have
2  conversations with Mr. Burke and correspondence with Mr. Burke
3  concerning this particular litigation in advance.
4       Q.    Okay.
5       A.    But nevertheless --
6       Q.    They weren't employed as of March 3rd, 2005?
7       A.    And I repeat, there wasn't an order authorizing
8  their employment as of March the 3rd.
9       Q.    All right.  And just for completeness, neither was
10 there, to use your phrase, there was not an order authorizing
11 employment of either Paulson & Nace or Burke, Schultz, Harman &
12 Jenkinson on March 3rd, 2005, correct?
13      A.    That's correct.
14      Q.    Okay.  When were you granted authority to actually
15 employ special counsel in the Miller bankruptcy case?
16      A.    The specific date, I don't recall.
17      Q.    Okay.
18      A.    I can -- my recollection is that within a very short
19 number of days following the filing of the application an order
20 was entered by the court authorizing the employment.
21      Q.    Can you show me all your correspondence to D.
22 Michael Burke after the order was entered, and I'll represent to
23 you that it was on March 4th of 2005 it was entered, can you
24 show me all of the correspondence that you've had with D.

Wendi Watson, P. O. Box 3355, Shepherdstown, WV 25443   Phone: 304-283-5375

12c72019-dad7-435a-be61-e3e3feab7b99

Page 42

1   Michael Burke?
2     A.   Can I show you?
3     Q.   Yes.
4     A.   I don't have any documents here to show you.
5     Q.   Okay.  Do you have documents?
6     A.   I do.
7     Q.   Okay.  Can you tell me about any correspondence you
8  had with Mr. Burke after March 4th, 2005?
9     A.   I have at least two pieces of written correspondence
10 and we also corresponded verbally with Mr. Burke concerning the
11 status of the case.
12    Q.   Do you have records of those verbal communications?
13    A.   To give you specific dates, no, sir.
14    Q.   Did -- did you ever send Mr. Burke a copy of the
15 order authorizing you to employ special counsel?
16    A.   I don't recollect that I did.
17    Q.   So as far as you know Mr. Burke never received the
18 order authorizing you to employ him?
19    A.   I don't know that he did.
20    Q.   He didn't receive it from you, is that correct?
21    A.   I don't have any record of sending it to him.
22    Q.   Did you ever have a retainer signed between yourself
23 as trustee and Mr. Burke?
24    A.   No.

Page 43

1     Q.    Do you have correspondence between yourself and Mr.
2 Nace after the order was entered on March 4th, 2005?
3     A.    I do, but not -- but not until probably sometime in
4 2008.
5     Q.    Okay. If I represent to you that you sent a letter
6 on October 10th, 2008, to Mr. Nace, would you agree that that
7 was your first correspondence to him?
8     A.    Right. Most of my dealings were with Mr. Burke and
9 his office.
10     Q.    I'm sure Mr. Shultz will ask you these, some of
11 these questions, but you were in fact told by Mr. Burke that he
12 was not involved in that case sometime in 2005, isn't that
13 correct?
14     A.    No, that is not correct.
15     Q.    You had no correspondence until -- until October
16 2008 with Mr. Nace, is that -- that's what you said, correct?
17     A.    I believe so.
18     Q.    Okay. Did you ever send Mr. Nace a copy of the
19 order allowing you to employ him as special counsel?
20     A.    I don't have any -- I don't have any knowledge of
21 doing that.
22     Q.    Do you have -- did you have any communications with
23 his office after the order was entered on March 4th, 2005, about
24 this case?

Page 44

1  A. Not until October of 2008.
2  Q. Do you have a retainer with Mr. Nace or Paulson &
3  Nace --
4  A. No, I do not.
5  Q. -- employing him as special counsel in this case?
6  A. No.
7  Q. So at the time that you did have communications with
8  Mr. Nace prior to October of 2008, you didn't have authority to
9  actually employ him, is that correct, because the court had not
10 entered an order allowing you to employ him, correct?
11 A. There had not been an order entered allowing him to
12 be employed.
13 Q. And after you had received an order permitting you
14 to employ him you had no correspondence with him whatsoever
15 until October of 2008, correct?
16 A. That's correct.
17 Q. After -- I'll represent that there was the October
18 8th -- or I'm sorry, October 10th, 2008, letter sent to Mr.
19 Nace, correct? Let me show you that.
20      MR. NACE: Go ahead and mark this as the next
21 exhibit, and this has numbers 1004 and 1005. It's Exhibit 5.
22           (Whereupon, Exhibit No. 5 was
23           marked for identification.)
24 A. Yes, sir.

Wendi Watson, P. O. Box 3355, Shepherdstown, WV 25443  Phone: 304-283-5375