# RESPONSE EXHIBIT H

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Robert W. Trumble, Trustee of the Bankruptcy Estate of Barbara Ann Miller | **DEFENDANTS**<br>D. Michael Burke; Barry Nace; Burke, Schultz, Harman & Jenkinson; and Paulson & Nace. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>McNeer, Highland, McMunn & Varner, L.C. | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ To be established |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Barbara Ann Miller | BANKRUPTCY CASE NO.<br>04-03365 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern | DIVISION OFFICE<br>Martinsburg | NAME OF JUDGE<br>Flatley |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Michael D. Crim | | |
| DATE<br>October 5, 2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Michael D. Crim, Esquire | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

In Re:
Barbara Ann Miller,

CASE NO. 04-03365
(Chapter 7)

Debtor.

Robert W. Trumble, Trustee of the Bankruptcy
Estate of Barbara Ann Miller,

Plaintiff,

v.

AP No._____

D. MICHAEL BURKE, BARRY J. NACE,
BURKE, SCHULTZ, HARMAN and
JENKINSON and PAULSON & NACE,

Defendants.

## TRUSTEE'S COMPLAINT FOR BREACH OF CONTRACT AND LEGAL NEGLIGENCE

COMES NOW Robert W. Trumble, as Trustee for the Bankruptcy Estate of Barbara Ann Miller, Debtor, by and through, the undersigned counsel, Michael D. Crim, Richard R. Marsh, and McNeer, Highland, McMunn, & Varner, L.C., and for his complaint alleges and states as follows:

1. Robert W. Trumble is a Trustee for the United States Bankruptcy Court for the Northern District of West Virginia and was assigned to act as Trustee of the bankruptcy estate of Barbara Ann Miller.

2. D. Michael Burke ("Burke") is an attorney licensed to practice law in the State of West Virginia. Mr. Burke practices with the law firm Burke, Schultz, Harman & Jenkinson ("BSHJ"). Burke practices out of the BSHJ office located in Martinsburg, West Virginia.

3. Barry J. Nace ("Nace") is an attorney licensed to practice law in the State of West Virginia. Mr. Nace practices with the law firm Paulson & Nace. Upon information and belief,

Paulson & Nace operated a law office in Martinsburg, West Virginia, located at 1444 Edwin Miller Boulevard. Mr. Nace is also "of counsel" with BSHJ.

4. Upon information and belief, Burke, Nace, BSHJ and Paulson & Nace were retained by Barbara Ann Miller to represent her husband's estate in a wrongful death, medical malpractice claim. A copy of the contingent fee contract is attached hereto and incorporated herein as "Exhibit A".

5. The debtor's interest in the medical malpractice claim being prosecuted by defendants was an asset of the bankruptcy estate.

6. That on or about March 2, 2005, the Plaintiff, Robert W. Trumble, Trustee of the Bankruptcy Estate of Barbara Ann Milller, filed with this Honorable Court "Trustee's Application to Employ Special Counsel." A copy of the Motion to Employ Special Counsel is attached hereto and incorporated herein as "Exhibit B."

7. That on or about February 24, 2005, prior to the filing by the Trustee of the motion to employ special counsel, Nace had executed an Affidavit whereby he agreed to "accept employment by the Trustee on the basis of the Application to Employ." The Affidavit executed by Nace was notarized by Rhonda Olean Gueory. A copy of the Affidavit executed by Nace, along with his correspondence forwarding the same, is attached hereto and incorporated herein collectively as "Exhibit C."

8. That on or about February 1, 2005, prior to the filing by the Trustee of the motion to employ special counsel, Burke had executed an Affidavit whereby he agreed to "accept employment by the Trustee on the basis of the Application to Employ." The Affidavit executed by Burke was notarized by Donna F. Weatherholtz. A copy of the Affidavit executed by Burke, along with his

correspondence forwarding the same, is attached hereto and incorporated herein collectively as "Exhibit D."

9. On or about March 4, 2005, the Honorable L. Edward Friend, United States Bankruptcy Judge, granted the Trustee's motion to employ the defendants as special counsel. A copy of the Order is attached hereto and incorporated herein as "Exhibit E."

10. Upon information and belief, the medical malpractice claim being prosecuted by the defendants was successfully resolved and money recovered by the defendants was utilized to pay attorneys' fees and costs, with the balance being paid to the Debtor, Barbara Ann Miller.

11. As special counsel, the defendants herein were obligated to pay to the Trustee, on behalf of the Debtor's estate, any monies recovered over and above their allowed contingency fee (40%) plus certain additional litigation expenses and medical expenses.

12. The defendants herein did not protect the interests of the plaintiff herein as the Trustee of the Bankruptcy Estate of Barbara Ann Miller (the Debtor's estate) and failed to pay to any monies to the Trustee following the conclusion of the medical malpractice claim being prosecuted by the said defendants.

13. By failing to pay over to the Trustee the monies the Debtor's Estate was entitled to receive upon the conclusion of the medical malpractice claim, the defendants breached their contractual obligations to the said Trustee.

14. In addition, by failing to pay over to the Trustee the monies the Debtor's Estate was entitled to receive upon the conclusion of the medical malpractice claim, the defendants negligently failed to protect their client, the Trustee, thereby breaching a duty of professional care and skill.

15. As a proximate result of the defendants' breaches as set forth herein, the Trustee has been injured and damaged in an amount to be established.

**WHEREFORE**, the Trustee demands judgment against the defendants in an amount to be established, together with pre-judgment interest and attorney fees and costs, as well as other economic losses which are established by the Trustee.

Respectfully submitted this 5th day of October 2010.

/s/ Michael D. Crim

Michael D. Crim, West Virginia Bar #7058
Richard R. Marsh, West Virginia Bar #10877
McNeer, Highland, McMunn and Varner, L.C.
275 Aikens Center
P.O. Box 2509
Martinsburg, West Virginia, 25402

Counsel for the Plaintiff Robert W. Trumble,
Trustee of the Bankruptcy Estate of Barbara Ann Miller

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORHTER DISTRICT OF WEST VIRGINIA

In Re:
Barbara Ann Miller,

    Debtor.

Case No. 04-03365
(Chapter 7)

Robert W. Trumble, Trustee of the Bankruptcy
Estate of Barbara Ann Miller,

    Plaintiff,

v.

AP No. 10-AP-00136

D. MICHAEL BURKE, BARRY J. NACE,
BURKE, SCHULTZ, HARMAN and
JENKINSON and PAULSON & NACE,

    Defendants.

## AFFIRMATIVE DEFENSES

I.    <u>Waiver</u>

Plaintiff waived, by his actions and inaction, any conduct violative of any contractual agreement. He further waived any claimed negligence by failing/refusing to properly notify counsel.

II.    <u>Comparative Negligence</u>

Any negligence on the part of Defendants is equalled or exceeded the negligence of the Plaintiff.

III.    <u>Lack of Proximate Cause</u>

The complained-of acts of Defendants were not the proximate cause of Plaintiff's damages, if any.

IV.   On the date Plaintiff claims to have been damaged, D. M. Burke was not the attorney for Barbara Miller.

## ANSWER

1. Admitted.
2. Admitted.
3. Admit first sentence. Deny second sentence. Deny third sentence.
4. Defendants can neither admit nor deny these claims, since there is no exhibit "A" attached.
5. Paragraph 5 calls for a legal conclusion to the extent an answer is required, it is denied.
6. Defendants can neither admit nor deny these claims, since there is no exhibit "B" attached.
7. Defendants can neither admit nor deny these claims, since there is no exhibit "C" attached.
8. Defendants can neither admit nor deny these claims, since there is no exhibit "D" attached.
9. Defendants can neither admit nor deny these claims, since there is no exhibit "E" attached.
10. Admit.
11. Paragraph calls for a legal conclusion. To the extent an answer is required Paragraph 11 is denied.
12. Paragraph calls for a legal conclusion. To the extent an answer is required, Paragraph 12 is denied.
13. Paragraph calls for a legal conclusion. To the extent an answer is required Paragraph 13 is denied.
14. Paragraph calls for a legal conclusion. To the extent an answer is required Paragraph 14 is denied.
15. Paragraph 15 calls for a legal conclusion to the extent an answer is required, it is denied.

        D. MICHAEL BURKE, BARRY J. NACE,
BURKE, SCHULTZ, HARMAN and
JENKINSON and PAULSON & NACE
By Counsel

/s/ Lawrence M. Schultz
Lawrence M. Schultz, WVSB No.4293
Mark Jenkinson, WVSB No.5215
Burke, Schultz, Harman & Jenkinson
P.O. Box 1938
Martinsburg, WV 25402
(304) 263-0900

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORHTER DISTRICT OF WEST VIRGINIA

In Re:
Barbara Ann Miller,

    Debtor.

Case No. 04-03365
(Chapter 7)

Robert W. Trumble, Trustee of the Bankruptcy
Estate of Barbara Ann Miller,

    Plaintiff,

v.

AP No. 10-136

D. MICHAEL BURKE, BARRY J. NACE,
BURKE, SCHULTZ, HARMAN and
JENKINSON and PAULSON & NACE,

    Defendants.

## CERTIFICATE OF SERVICE

| | |
|---|---|
| Type of Service: | Electronically Filed and US Mail, first class postage prepaid |
| Date of Service: | January 11, 2011 |
| Person Served: | Michael D. Crim<br>McNeer Highland, McMunn and Varner<br>P.O. Box 2509<br>Martinsburg, WV 25402 |
| Item Served: | Defendants' Affirmative Defense and Answer |

/s/ Lawrence M. Schultz
Lawrence M. Schultz, WVSB No. 4293
Mark Jenkinson, WVSB No. 5215
Burke, Schultz, Harman & Jenkinson
P.O. Box 1938
Martinsburg, WV  25402
(304) 263-0900