# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**LAWYER DISCIPLINARY BOARD,**

    Petitioner,

v.                                                   **Civil Action No. 3:12-CV-33**
                                                            **(JUDGE GROH)**

**BARRY J. NACE, Esquire,**

    Respondent.

## ORDER GRANTING PETITIONER'S MOTION TO REMAND

Currently pending before this Court is the Petitioner's Motion to Remand [Doc. 5], filed on May 23, 2012. The Respondent responded on June 26, 2012 [Doc. 12], and the Petitioner replied on July 13, 2012 [Doc. 17]. This Court, having reviewed the motion and the memoranda submitted with regard thereto, finds that the Petitioner's motion should be **GRANTED**.

## BACKGROUND

### I. Factual Allegations

This action arises from an ethics complaint filed by Robert W. Trumble, Esquire, United States Bankruptcy Trustee for the United States Bankruptcy Court for the Northern District of West Virginia against Respondent, Barry J. Nace, Esquire ("Nace"). On September 27, 2004, Mr. Trumble was appointed as the United States Trustee in a Chapter 7 bankruptcy filing for Barbara Ann Miller. On or about January 27, 2005, Mr. Trumble sent an affidavit for Respondent Nace to sign to accept employment as Special Counsel along

1

with a "U.S. Trustee's Application to Employ Special Counsel." Respondent Nace signed the affidavit on or about February 24, 2005. On March 3, 2005, Mr. Trumble filed the "U.S. Trustee's Application to Employ Special Counsel."

On March 4, 2005, Mr. Trumble, as Trustee of the bankruptcy estate of Ms. Miller, allegedly employed D. Michael Burke, Esquire and Respondent Nace to serve as special counsel for the Trustee in connection with the pursuit of Ms. Miller's medical malpractice/personal injury claim in the Circuit Court of Berkeley County, West Virginia. On or about June 17, 2005, a Complaint was filed in the Berkeley County, West Virginia Circuit Court with Ms. Miller as Plaintiff against several Defendants for medical malpractice.

In September 2006, a partial settlement was reached with one Defendant for seventy-five thousand dollars ($75,000) in Ms. Miller's case. Respondent Nace disbursed ten thousand one hundred twenty-six dollars and sixteen cents ($10,126.16) to Ms. Miller on October 2, 2006. Respondent Nace used the rest of the money for attorney fees and expenses. The distribution was made without contacting the bankruptcy estate or bankruptcy United States Trustee, Mr. Trumble.

On October 30, 2006, Ms. Miller's case proceeded to a jury trial involving the remaining Defendants. On November 9, 2006, the jury returned a verdict against one Defendant for a total of five hundred thousand dollars ($500,000). On February 5, 2007, the verdict became final. The Defendant appealed the case on July 27, 2007, and the Supreme Court of Appeals of West Virginia refused the petition for appeal on February 12, 2008.

On February 28, 2008, Ms. Miller signed a settlement of account where the net proceeds to the client were two hundred twenty thousand four hundred sixty-seven dollars

2

and forty-five cents ($220,467.45), which she received on or about March 5, 2008. On July 13, 2009, Mr. Trumble filed an ethics complaint against Respondent Nace alleging that the judgment was ultimately paid by the Defendant to Respondent Nace and that Respondent Nace then distributed the proceeds of that judgment, after taking his contingent fee, without regard to the bankruptcy estate or Respondent Nace's attorney/client relationship with the Trustee for Ms. Miller's bankruptcy estate.

On or about May 17, 2011, the Office of Disciplinary Counsel ("ODC") filed a one count Statement of Charges against Respondent Nace with the Supreme Court of Appeals of West Virginia. Thereafter, an investigation was conducted into Respondent Nace's alleged misconduct. On October 10, 2011, the Hearing Panel Subcommittee held a hearing regarding the alleged misconduct, and Respondent Nace consented to said hearing. Respondent Nace received the Recommendation of the Hearing Panel Subcommittee, and it was filed with the West Virginia Supreme Court of Appeals on March 23, 2012.

II. **Procedural History**

On May 17, 2011, the West Virginia Office of Disciplinary Counsel ("ODC") filed a one count Statement of Charges against Nace with the West Virginia Supreme Court of Appeals. Respondent Nace was served with the Statement of Charges on or about July 13, 2011. He filed his Answer to the Statement of Charges on July 13, 2011. Respondent Nace also consented to the hearing, which was conducted by the Hearing Panel Subcommittee on October 10, 2011.

On March 21, 2012, the Petitioner Lawyer Disciplinary Board's Hearing Panel Subcommittee issued its report in Respondent Nace's underlying legal ethics case.

3

Respondent Nace's counsel received the report on March 26, 2012.

On April 24, 2012, Respondent Nace filed his Notice of Removal [Doc. 1] in this Court pursuant to 28 U.S.C. § 1442(a)(3) providing the district court with original jurisdiction in cases where "[a]ny officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties."

Petitioner Lawyer Disciplinary Board filed its Motion to Remand [Doc. 5], on May 23, 2012. Respondent Nace responded on June 26, 2012 [Doc. 12], and Petitioner replied on July 13, 2012 [Doc. 17].

## DISCUSSION

**I.  Standard**

When an action is removed from state court, a federal district court is required to first determine whether it has original jurisdiction over the plaintiff's claims. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree." ***Kokkonen v. Guardian Life Ins. Co. of Am.***, 511 U.S. 375, 77, 114 S. Ct. 1673 (1994). In considering whether removal is proper, courts should construe removal jurisdiction strictly because of the significant federalism concerns that are implicated by removal. ***Md. Stadium Auth. v. Ellerbe Becket, Inc.***, 407 F.3d 225, 260 (4th Cir. 2005). However, the Fourth Circuit Court of Appeals construes the statute "broadly enough to provide a federal forum for federal officers and the litigation of federal defenses." See ***Tolley v. Monsanto Co.***, 591 F. Supp. 2d 837, 849 (S.D.W. Va. 2008) (citing ***State of N.C. v. Carr***, 386 F.2d 129, 131 (4th Cir. 1967). By construing the statute broadly enough for such a purpose, it effectuates the significant federal interest in protecting "federal officers from interference by hostile state

4

courts." ***Willingham v. Morgan***, 395 U.S. 402, 405, 89 S. Ct. 1813 (1969).

II. <u>Analysis</u>

In their motion, Petitioner Lawyer Disciplinary Board has three arguments. Petitioner's argument that Respondent Nace's Notice of Removal was untimely and does not comply with 28 U.S.C. § 1446 is dispositive. Therefore, it is not necessary for the Court to address the other two arguments.

Section 1446 of Title 28 governs the requirements for removing a proceeding from state court:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

**28 U.S.C. § 1446(b)**. The thirty day period for removal is designed to prevent "undue delay in removal and the concomitant waste of state judicial resources." ***Lovern v. Gen. Motors Corp.***, 121 F.3d 160, 163 (4th Cir. 1997).

Petitioner argues that the removal petition is untimely because the initial pleading was the Statement of Charges filed against Respondent Nace on May 17, 2011 and personally served upon him on May 23, 2011. (Pet.'s Mot. to Remand, p. 7-8). Therefore, the Petitioner contends that the thirty day period to remove began to run on May 23, 2011.

Respondent argues that the removal petition is timely because it was filed within thirty days of service of the Hearing Panel Subcommittee's Report. The Hearing Panel Subcommittee issued its report in Respondent's underlying legal ethics case on March 21, 2012. Respondent, through his counsel, received the report on March 26, 2012. Thus, he

5

argues that in order for the Notice of Removal to be timely filed, it must be filed within thirty days of March 26, 2012.  Thus, Respondent contends he timely filed the notice on April 24, 2012.

One of the purposes of 28 U.S.C. § 1446(b) is to "insure that a defendant will have such notice of a state proceeding to enable the defendant to ascertain removability and obtain such removal as early as possible after receipt of that notice . . . ." **130 A.L.R. Fed. 581 § 2 (2012)**. The Fourth Circuit Court of Appeals has stated that when a court is determining when the defendant had notice of the grounds for removal, the court is not required to "inquire into the subjective knowledge of the defendant." *Lovern*, 121 F.3d at 162.  Rather, the Fourth Circuit "will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." *Id.* Thus, "the grounds for removal must appear on the face of the initial pleading in order for the 30-day clock then to begin to run." *Id.*  If the initial pleading does not articulate the details of the claims made, the thirty day time period for removal will not begin to run until the defendant receives "other paper" indicating the nature of the claims and the potential for removal.  *See* **28 U.S.C. § 1446(b)**.

In determining whether the Statement of Charges or the Hearing Panel Subcommittee's Report constituted the "initial pleading," this Court must look within the four corners of the Statement of Charges and whether it gives the Respondent notice of the grounds for removal.  The Respondent argues that 28 U.S.C. § 1442(a)(3) provides his basis for removal.  The statute provides the following:

> [a] civil action or criminal prosecution that is commenced in State court and that is against or directed to any of the following may be removed by them to the district court of the Untied States for the district and division embracing the place wherein it is pending: [a]ny officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties.

**28 U.S.C. § 1442(a)(3)**. Thus, the crux of this issue is whether the Statement of Charges gave the Respondent notice that he would be considered an "officer of the courts of the United States" while employed as Special Counsel and representing the United States Trustee.

The Statement of Charges asserts that "[o]n or about January 27, 2005, Mr. Trumble sent Mr. Burke and Respondent correspondence with a copy of the 'Application to Employ . . . [Respondent], Esquire, as Special Counsel,' 'Order,' and an 'Affidavit' for them to sign regarding the employment." (Statement of Charges, ¶ 9). Then, the Statement of Charges provides that "[o]n or about February 24, 2005, Respondent signed an 'Affidavit' wherein he agreed to 'accept employment by the Trustee on the basis set forth in the Application to Employ.' On or about the same date, Respondent sent a letter to Mr. Trumble with the signed 'Affidavit' and noted his new address as of March 5, 2005." (Statement of Charges, ¶ 11). Next, on March 3, 2005, Mr. Trumble "filed an 'Application to Employ . . . Respondent, Esquire as Special Counsel.'" (Statement of Charges, ¶ 12). The Order Granting the Application to Employ the Respondent was entered and filed on March 4, 2005. (Statement of Charges, ¶ 13). The Statement of Charges also explicitly lays out that it arises from Respondent's conduct in his employment capacity as Special Counsel for his client, Mr. Trumble, the United States Bankruptcy Trustee for the Bankruptcy Court for the Northern District of West Virginia.

The Respondent's removal under 28 U.S.C. § 1442 is untimely under 28 U.S.C. § 1446. The Statement of Charges clearly provided Respondent with notice of grounds for § 1442 federal officer removal within the four corners of the document. In various paragraphs, it outlined the procedure for Respondent's appointment as Special Counsel and also provided notice of the Respondent's ethical violations committed while in such a capacity. Additionally, Respondent heavily relies on *Kolibash v. Committee on Legal Ethics of the W. Va. Bar*, 872 F.2d 571 (4th Cir. 1989), for the proposition that he is a federal officer and removal is proper. However, in *Kolibash*, timeliness was not an issue before the court because the Respondent in that case filed his notice of removal within thirty days of being formally accused and receiving the Statement of Charges. **Kolibash**, 872 F.2d at 572.

Thus, this Court **FINDS** that the Statement of Charges constituted an initial pleading that provided the Respondent with notice of grounds for 28 U.S.C. § 1442 federal officer removal. Moreover, because the Statement of Charges were filed on May 17, 2011 and the Respondent did not file his notice of removal within thirty days of the filing or service of the Statement of Charges, this Court **FINDS** that the notice of removal was untimely. Accordingly, the Petitioner's Motion to Remand is **GRANTED.**

## CONCLUSION

For the reasons stated above, this Court finds that the Petitioner's Motion to Remand **[Doc. 5]** should be, and hereby is, **GRANTED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: November 7, 2012.

GINA M. GROH
UNITED STATES DISTRICT JUDGE